
FILED
SUPERIOR COURT
OF GUAM
2019 SEP 23 PM 3:47
CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM**<br><br>vs.<br><br>**RAMON MIGUEL MANALO MENESES,**<br>DOB: 03/04/1991<br>      **Defendant.** | **CRIMINAL CASE NO: CF0098-19**<br><br>**DECISION AND ORDER**<br>*Defendant's Motion For Release* |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on September 5, 2019, upon Ramon Miguel Manalo Meneses's ("Defendant") Motion for Release. Defendant appeared with counsel, Attorney David J. Lujan. Assistant Attorney General Jeremy Kemper appeared on behalf of the People of Guam (the "People"). Upon review of the written and oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** Defendant's Motion for Release.

### BACKGROUND

On February 19, 2018, Guam Police Department ("GPD") officers observed a vehicle speeding through Tamuning and thus conducted a traffic stop. *(Decl., Magistrate's Compl. 4.)* After approaching the vehicle, the officers noticed Defendant's fidgety behavior and bloodshot eyes. *Id.* Upon their request, Defendant consented to a vehicle search and handed the officers some marijuana. *Id.* The search resulted in the discovery of a handgun and $3,500.00 in cash, with a subsequent search yielding 165 grams of methamphetamine, another loaded firearm, suspected drug ledgers, and more marijuana. *Id.* A search of Defendant's person produced tablets and pills

ORIGINAL

suspected to be hallucinogens, *i.e.* LSD and MDMA. *Id.* In total, approximately 42 grams of marijuana were found. *Id.* Based on this information, the officers obtained a search warrant for Defendant's residence. *Id.* A search of Defendant's residence resulted in two more firearms, suspected methamphetamine paraphernalia, packing materials, and more marijuana. *Id.* A locked safe was also discovered; inside, a large bag of methamphetamine and multiple documents with Defendant's name were found. *Id.* Moreover, an inspection of the house walls revealed a hidden compartment storing more packages of methamphetamine. *Id.* In total, the officers seized 5.27 pounds of methamphetamine and 837 grams of marijuana from Defendant's residence. *Id.* As a result, Defendant was arrested and subsequently incarcerated for the charges alleged. *(Min., Feb. 19.)* Defendant's bail was set to $100,000.00 in cash. *Id.*

On February 28, 2019, the People filed an Indictment, charging Defendant with Possession of a Schedule I Controlled Substance with Intent to Deliver (As a First Degree Felony), Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony), and four counts of Possession of a Firearm without a Firearms Identification Card (As a Third Degree Felony). *(Indictment 1.)*

On May 8, 2019, Defendant filed his first Motion to Allow Defendant Release, Subject to Third-Party Custodian Oversight. *(Mot. Release, May 8.)* The People filed an opposition on May 13, 2019. A motion hearing was held on May 24, 2019, where the motion was ultimately denied from the bench. A Decision and Order memorializing the denial was issued on June 3, 2019. *(Dec. Order, Jun. 3.)*

On July 18, 2019, Defendant filed his second Motion to Allow Defendant Release, Subject to Third-Party Custodian Oversight, *(Mot. Release, Jul. 18.)* The People filed their Opposition on July 23, 2019, *(Pl.'s Opp'n),* to which Defendant replied on July 29, 2019. *(Def.'s Reply.)* A Motion Hearing was held on September 5, 2019, where the Court took the matter under advisement.

## PRINCIPLES OF LAW

Under Guam Law, ". . . every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." 8 Guam Code Annotated ("GCA") § 40.15(a) (2017). Section 40.15(b) provides, "[t]he judge shall order the

person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b). To determine whether there is a substantial risk of nonappearance or whether the person charged will endanger the safety of any other person or the community, Guam Law provides:

(c) . . . the judge shall consider the following factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including: . . .

(E) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;

(F) his/her history relating to drug or alcohol abuse; . . .

(H) whether, at the time of the current offense or arrest, he/she was on . . . other release pending trial . . .

(I) his/her history of compliance with Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15. Under Section 40.20, it states:

[w]here the judge determines that release of the person . . . will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the least onerous of the following conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community, or if no single condition gives that assurance, the least onerous combination of the following conditions:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties . . .

. . . (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 GCA § 40.20. Finally, Section 40.50 of Title 8 provides that "[a] person for whom conditions of release are imposed . . . and who after 24 hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50(a).

## DISCUSSION

The instant Motion before the Court is Defendant's second attempt for release, having filed his first motion seeking release on May 8, 2019. There is little difference between the two motions; the instant Motion states two potential third-party custodians and $20,000.00 for Defendant's bail. *(Mot. Release 1, Def.'s Reply 1.)* [1] At the Motion Hearing, Defense Counsel presented two potential third-party custodians: (i) Ramon C. Meneses, Defendant's father who is a superintendent at Hawaiian Rock Products; and (ii) Benito Isip, Jr., a family friend of Defendant. *(Mot. Release 2, Jul. 18.)* Regardless of the Motion's changes, the Court's concerns about Defendant's flight risk and potential danger to the community are not sufficiently allayed.

### A. Defendant is a substantial flight risk.

The Court reaffirms that Defendant remains a substantial flight risk. Echoing the June Decision and Order, Defendant possesses the means and motivation to flee Guam's jurisdiction. *(Dec. Order 2, Jun. 3.)* Defendant is a dual citizen of the United States and the Philippines, possessing a passport for each. Although Defendant has lived on Guam for fifteen years, his familial ties with the Philippines remain. Defendant's mother and father are also dual citizens. Defendant's father, as a proposed custodian, also has the means to leave Guam. Furthermore, the record suggests that Defendant's parents may have been aware of Defendant's criminal activities. *(Dec. Order 4,*

---

[1] The instant Motion states Defendant is amendable to electronic monitoring as a restriction of his release. Its inclusion suggests it is an additional condition for release that did not exist in the previous motion. *(Def.'s Reply 1.)* However, in his initial motion, Defendant had already agreed to restrictive conditions should the Court allow his release, which it did not. *(Mot. Release 2, May 8.)*

*Jun. 3.)*

Defendant purports he has no employment, liabilities or dependents– his assets being only a BMW worth $4,000.00. *(Magistrate's Summ. Report 1.)* Outside this matter, no significant obligations bind Defendant to Guam. Although Defendant maintains he has no income, the discovery of cash, drugs and cars on his property suggests Defendant may indeed have substantial assets. Substantial assets and no obligations provide Defendant the opportunity to and ability to flee.

Additionally, Defendant has strong motivation to flee the Court's jurisdiction. Defendant is charged with Possession of a Schedule I and II Controlled Substance with Intent to Deliver as first degree felonies, and Possession of a Firearm without a Guam Firearm Identification Card as a third degree felony. The charges are based upon the evidence found, *inter alia*, 5.27 pounds of methamphetamine, 837 grams of marijuana, and four unregistered guns. The evidences' dangerous nature lends credence to the severity of his charges. The above drug possession offenses call for a maximum sentence of five years that cannot be suspended. 9 GCA § 67.401.4(e). The illegal firearm possession charges carry a minimum sentence of three years for *each* count. 9 GCA §§ 80.30(c) and 80.50(b), 10 GCA § 60121(e). Defendant has four counts. The record suggests an incredibly high likelihood of Defendant's conviction as well. Summarily, Defendant has the means and motivation to flee, thus he is a substantial flight risk.

### B. Defendant is a danger to the community.

The Court maintains Defendant poses a danger to the community. Defendant is charged with four counts of Possession of a Firearm without a Guam Firearm Identification Card. Specifically, GPD Officers found two handguns in Defendant's vehicle and a handgun plus assault rifle inside his residence.[2]

### C. Defendant's proposed bail amount is insufficient assurance.

During arraignment, Defendant requested bail in the amount of $25,000.00; the Court rejected it. *(Min., Mar. 6.)* Instead, at the request of the People, the Court deemed $100,000.00 cash bail appropriate in assuring compliance and safety. *(Dec. Order, Jun 3.)* In Defendant's initial Motion for Release, he stated he could not afford that amount. *(Mot. Release 1, May 8.)* Now,

---

[2] The guns found are as follows: a Kahr .40 caliber semi-automatic handgun, a Glock 22 .40 caliber handgun, a Bushmaster Assault Rifle, and a Smith and Wesson Pistol. *(Search Warrant, Feb. 27, 2019.)*

Defendant argues $20,000.00 cash bail as appropriate – notwithstanding the fact it is $5,000.00 less than his previous suggestion. The Court disagrees. If the Court did not accept Defendant's initial proposal of $25,000.00, it will not accept $20,000.00 now. The amount for bail is not determined by the accused's ability to pay; it is determined by the reasonable calculation that would assure his presence. *See* *People v. Bruneman*, 1996 Guam 3 at ¶ 9 *(holding $1,000,000.00 was appropriate bail since the accused was a substantial flight risk).* Although Defendant cannot afford the $100,000.00, it is inconsequential in the face of the foregoing factors. *See supra Part A.*

The Court is not dissuaded from its earlier decision. In its June Decision and Order, the Court focused on the severity of Defendant's charges and his flight risk, ultimately concluding they were decisive factors in denying his release. For similar reasons above, the Court upholds its decision, finding a denial of Defendant's release is sufficiently supported.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Allow Defendant Release, Subject to Third-Party Custodian Oversight.

**SO ORDERED** ___9/23/19___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_____

Date:_____ Time:_____

Deputy Clerk, Superior Court of Guam